IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ORRIS B. MERCER,                :
                                :
                                :
                                :
    v.                          :
                                :   5:07-CV-188 (HL)
                                :
HOUSTON COUNTY BOARD OF         :
EDUCATION,                      :
                                :
        Defendant.              :
                                :
                                :

# ORDER

**I. BACKGROUND**

Plaintiff, Orris B. Mercer, brought this Title VII action against the Houston County Board of Education ("HCBOE"), the Warner Robins Middle School ("WRMS") Principal, Donald Warren ("Warren"), and WRMS Assistant Principal, Nikki Cooper, alleging that defendants discriminated against him in his employment as a substitute teacher at WRMS. The claim arises from Plaintiff's termination on October 21, 2005. On that date Warren communicated to Plaintiff that his services as a substitute teacher were no longer needed. Ten days later, Plaintiff filed a written professional personnel complaint and grievance with HCBOE contesting his termination and alleging that his termination constituted a violation of his rights to due process and equal treatment under the law. Plaintiff's grievance requested, among other things, reinstatement, loss income with interest, expungement of his employment records,

attorney fees and expenses, investigation, disciplinary action against certain students, a written and verbal public apology, and certain policy changes.

On or about December 15 or 16, 2005, the Assistant Superintendent for the HCBOE human resources department notified Plaintiff that the HCBOE would not take any action to reverse Plaintiff's termination. Subsequent thereto, Plaintiff filed a notice of complaint of discrimination which was received by the EEOC on June 9, 2006. Plaintiff's formal EEOC charge of discrimination was filed on August 7, 2006.

Currently before this court is Defendants' Motion for Summary Judgment arguing that Plaintiff has failed to initiate a discrimination proceeding within the statutorily mandated 180-day limitation period under 42 U.S.C. § 2000e-5(e)(2003). For the reasons set out below, the Motion is granted.

## II. DISCUSSION

### A. Timely Filing of a Discrimination Charge

Title VII provides that a charge of unlawful employment practice must generally be filed within 180 days after the alleged unlawful practice occurred, 42 U.S.C. § 2000e-5(e)(2003), unless there is adequate excuse for untimeliness, such as waiver, estoppel, or equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Failure to meet the applicable time limit for filing a charge of employment discrimination will foreclose any subsequent suit under Title VII. 42 U.S.C. § 2000e-5(e). Moreover, the EEOC's acceptance of a late-filed charge does not necessarily render the charge timely. Goldman v. Sears, Roebuck & Co., 607

F.2d 1014, 1017 (1st Cir. 1979).

The 180-day filing limitations period commences at the time the alleged discriminatory decision is communicated to the plaintiff. Del. State Coll. v. Ricks, 449 U.S. 250, 258 (1980); Pearson v. Macon-Bibb County Hosp. Auth., 952 F.2d 1274, 1279 (11th Cir. 1992). If, however, the alleged discriminatory decision is communicated to the plaintiff but the plaintiff is unaware of the discriminatory nature of the employment action, the time period for filing a charge begins to run when the employee knew or should have known about the potentially discriminatory nature of the employment decision. Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 660 (11th Cir. 1993).

**B. Analysis**

Plaintiff failed to commence a discriminatory action against the Defendants within the 180-day limitations period, without excuse, and thus is barred from relief. There is no dispute that the decision to terminate Plaintiff was communicated to him on October 21, 2005. Under Ricks the 180-day filing limitations period commenced on that date and expired on April 19, 2006. Thus, the limitations period expired long before Plaintiff filed his notice of complaint of discrimination with the EEOC on June 9, 2006.

However, if Plaintiff was not aware at the time of his termination that the employment decision may have been tainted with discriminatory intent, the limitations period would not have began until Plaintiff discovered the discriminatory

bias. <u>Ross</u>, 980 F.2d at 660. Plaintiff's grievance, which he filed with the HCBOE and contains allegations of discrimination, establishes that at the very latest he was aware of what he perceived to be a discriminatory employment action on the date the grievance was filed, i.e., October 31, 2005. Based on the filing of that grievance, there remains no question that Plaintiff was aware of a potentially discriminatory employment decision on or about October 31, 2005. Thus, the very latest date that the limitations period began to run was October 31, 2005, and the last day Plaintiff could have filed his complaint or notice was April 29, 2006. Even under this generous reading of the facts Plaintiff did not file a timely notice.

Plaintiff's contention that the limitations period did not begin until December 15 or 16, 2005, is without merit. Plaintiff argues that a conversation he had with a HCBOE human resources department staff member on or about December 15 or 16, 2005, constitutes a continuing discrimination violation, and therefore is when the limitations period began. Unfortunately, Plaintiff does not cite to any legal authority in support of this proposition, nor is there any law on point to would support this argument.

### III.  CONCLUSION

Plaintiff did not initiate a proceeding within the limitations period, nor are any of the legitimate excuses for untimeliness applicable. Plaintiff filed a notice of complaint of discrimination with the EEOC on June 9, 2006, and Plaintiff's formal EEOC charge of discrimination was not initiated until August 7, 2006. Viewing all the

4

evidence in a light most favorable to Plaintiff, the 180-day limitations period would have expired at the very latest on or about April 29, 2006—180 days from October 31, 2005. Neither the notice nor the formal complaint was filed by that date. Moreover, Plaintiff has not argued that any of the legitimate excuses for untimeliness (i.e., waiver, estoppel, or equitable tolling) are applicable. Therefore, Plaintiff's Title VII claim is barred under 42 U.S.C. § 2000e-5(e), and Defendants' Motion for Summary Judgment is granted.

**SO ORDERED**, this the 19th day of March, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch